# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:**<br><br>KENNETH L. CALDWELL,<br><br>**Debtor.** | **Bankruptcy Case<br>No. 02-41931** |

_____

| | |
|---|---|
| LINDSEY M. CLARK,<br><br>**Plaintiff,**<br><br>**vs.**<br><br>KENNETH L. CALDWELL,<br><br>**Defendant.** | Adv.  Proceeding<br>No. 04-6124 |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

      Lindsey M. Clark, *pro se* Plaintiff (appeared telephonically).

      Kenneth L. Caldwell, *pro se* Defendant (appeared in person).

MEMORANDUM OF DECISION - 1

In an inartfully drawn motion, *pro se* Plaintiff Lindsey Clark requests, in effect, that the Court issue an order garnishing approximately $5,400 in funds belonging to *pro se* Defendant Kenneth Caldwell that are held by a title company, in partial satisfaction of a money judgment Plaintiff holds against Defendant, issued by this Court. The Court conducted a hearing on Plaintiff's motion on May 18. Defendant appeared in person at the hearing, and Plaintiff appeared via telephone. This Memorandum of Decision is the Court's findings of fact, conclusions of law, and disposition of the motion. Fed. R. Bankr. P. 7052.

## BACKGROUND[1]

On February 8, 2005, after a trial in this adversary proceeding, the Court entered a judgment declaring that certain debts owed by Defendant to Plaintiff should be excepted from Defendant's bankruptcy discharge under 11 U.S.C. § 523(a)(5). In addition, the Court entered a money judgment against Defendant and in favor of Plaintiff for $17,069.35, plus applicable interest, representing the amounts owed on the nondischargable debts. Docket No. 35.

---

[1] Handicapped by their lack of legal representation, neither party offered any evidence to support their positions. However, most of the critical facts either appear of record in the Court's files, or are undisputed. To the extent necessary and appropriate, the Court takes judicial notice of it files in this adversary proceeding and in Defendant's bankruptcy case, Case No. 02-41931. Fed. R. Evid. 201. The Court gleaned the remainder of the facts recited in this Memorandum from the parties' representations at the hearing.

MEMORANDUM OF DECISION - 2

This adversary proceeding was closed on March 1, 2005; Defendant's Chapter 7 bankruptcy case was closed on March 23, 2005. Without asking that the adversary proceeding be reopened, Plaintiff filed a "Motion to Reissue Property Check" and a notice of hearing on April 26, 2005. Docket Nos. 37, 38.

Plaintiff and Defendant were formerly married. At the hearing on Plaintiff's motion, the parties explained that although their divorce action has been pending in state court since 1998, and that their marriage has been dissolved, their marital property has not yet been divided by the state court.

On April 8, 2004, AmeriTitle, an Idaho Falls title company, issued a check for $10,738 payable to both Plaintiff and Defendant.[2] These funds represent the excess proceeds from the sale of the parties' former marital home at a foreclosure sale. Plaintiff's position is that she retained an undivided one-half interest in the house. Defendant took no position on the nature of Plaintiff's ownership, but both agreed that the house was previously their marital home.

Defendant received the check from AmeriTitle, although it is not clear exactly when. Concerned that doing nothing would somehow prejudice the parties' access to the funds, Defendant endorsed the check and submitted it for deposit. However, the bank declined to honor the check because Plaintiff's

---

[2] Defendant produced a copy of the check at the hearing; it was included as a part of the record of the motion hearing without objection from either party.

MEMORANDUM OF DECISION - 3

endorsement was missing; it returned the check to AmeriTitle in April 2005. Minute Entry, Ex. A, Docket No. 39.

## ARGUMENTS OF THE PARTIES

In her motion, Plaintiff requests that the Court direct AmeriTitle to reissue the check in her name only, so that she may obtain her one-half of the funds, and so that she can apply Defendant's share of the funds to payment of her unsatisfied money judgment. Defendant objects, arguing instead that Plaintiff's motion should not be granted because this adversary proceeding and his bankruptcy case are closed.

Defendant also argues that he should retain all the funds, including Plaintiff's share, which he contends should be used to satisfy debts she owes him. This argument fails for two reasons. First, Defendant did not attempt to prove any facts that would support the existence of such a debt. Second, Defendant unsuccessfully raised a similar claim in the adversary proceeding. Ans., Docket No. 10. The Court is not inclined to consider this argument again, post-judgment, in the context of Plaintiff's attempt to collect on her judgment. To allow otherwise would offend the preclusive (*res judicata*) effect of the Court's judgment.

MEMORANDUM OF DECISION - 4

## DISCUSSION

**1. Interpreting the parties' pleadings.**

Generally speaking, bankruptcy courts have interpreted pro se parties' filings liberally. *In re Mango*, 305 B.R. 762, 769 (Bankr. D.S.C. 2003); *Baldridge v. Cont'l Airlines Holdings, Inc.* (*In re Cont'l Airlines, Inc.*), 257 B.R. 658, 661 (Bankr. D. Del. 2000). In this case, and even though Plaintiff has not expressly requested it, the Court construes Plaintiff's motion as a request for issuance of a writ of garnishment directed to AmeriTitle.

**2. This Court's jurisdiction.**

Bankruptcy courts are courts of limited jurisdiction. *See* 28 U.S.C. § 1334 (describing the limits of bankruptcy court jurisdiction). In other words, the bankruptcy court may not be the appropriate forum within which to settle a legal dispute, even when one of the parties to that dispute is or has been a debtor in a case under the Bankruptcy Code.

Even so, this Court clearly possesses ancillary jurisdiction to enforce the money judgment it entered against Defendant and in favor of Plaintiff in this adversary proceeding. *McCowan v. Fraley* (*In re McCowan*), 296 B.R. 1, 2 (B.A.P. 9th Cir. 2003). But while the Court may entertain Plaintiff's motion, as construed above, it declines to serve as the forum to address Plaintiff's allegations in the

MEMORANDUM OF DECISION - 5

motion that Defendant acted fraudulently in his dealings with the check from AmeriTitle. Nor can the Court grant Plaintiff's request that it advise her concerning how best to collect her judgment against Defendant, as she asked at the hearing.[3]

Defendant's objection that Plaintiff's motion is improper because both his bankruptcy case and this adversary proceeding have been closed has been considered and rejected by other courts. In *McCowan*, the Panel explained in detail that "it is not relevant to the [jurisdictional] analysis whether the underlying bankruptcy case has been closed." 296 B.R. at 4. And in *Segner v. Brosseau* (*In re Offshore Fin. Corp.*), 319 B.R. 845, 847–48 (Bankr. N.D. Tex. 2005), the court noted that it could "consider a motion to enforce its judgment without reopening the administratively closed adversary proceeding." Defendant's objection will therefore be overruled.

### 3. Enforcing a federal money judgment.

Under the Federal Rules of Civil Procedure:

---

[3] Plaintiff indicated that she also wished to garnish Defendant's wages. However, the record contains insufficient evidence for the Court to address such a request in any meaningful way. Idaho law permits a judgment debtor's wages to be garnished, Idaho Code §§ 8-507–807D, but the statutes require Plaintiff to submit the prescribed forms and paperwork to the Clerk to do so. In the Court's opinion, Plaintiff would benefit from retaining counsel.

MEMORANDUM OF DECISION - 6

> [The] process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed. R. Civ. P. 69(a), *incorporated by* Fed. R. Bankr. P. 7069.

The Ninth Circuit Court of Appeals has held that this Rule essentially allows a federal court to use any judgment enforcement procedure permitted by the state in which the federal court sits.[4] *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998) (citing *Peacock v. Thomas*, 516 U.S. 349, 359 (1996)). A federal court may not need to comply strictly with the state procedures, but substantial compliance is required. *United States v. Harkins Builders, Inc.*, 45 F.3d 830, 833 (4th Cir. 1995). And while the language of the

---

[4] To the Court, it seems that a less complicated and perhaps faster procedure for collecting her judgment would be for Plaintiff to register her federal judgment with the state courts, and then to utilize the judgment enforcement remedies under Idaho's version of the Uniform Enforcement of Foreign Judgments Act. *See* Idaho Code §§ 10-1301–1308.

MEMORANDUM OF DECISION - 7

Rule allows a court to permit the collection of a judgment through other means by "directing otherwise," the Ninth Circuit has interpreted this language narrowly. A judgment creditor may use a procedure other than applicable state procedures only when "established principles so warrant." *Hilao v. Estate of Marcos*, 95 F.3d 848, 854 (9th Cir. 1996) (internal citations omitted). For example, when a writ of execution would be an inadequate remedy, a judgment creditor may request other relief. 13 James Wm. Moore *et al.*, *Moore's Federal Practice* ¶ 69.02 (3d ed. 2005).

In this case, Plaintiff may invoke the judgment enforcement procedures authorized by Idaho law. Garnishment is one such procedure. Idaho Code §§ 8-507–507D. Because garnishment, as a form of execution on Defendant's assets, is an adequate remedy, Plaintiff can not resort to remedies beyond those authorized by Idaho law.

Plaintiff has sufficiently demonstrated the facts necessary for a writ of garnishment to issue to AmeriTitle as to Defendant's one-half share of the $10,738 it holds. Ms. Clark has shown the Court that she is the plaintiff in this adversary proceeding; is over the age of eighteen; the Court entered a judgment in her favor against Defendant on February 8, 2005, in the amount of $17,069.35 plus

MEMORANDUM OF DECISION - 8

applicable interest; and Defendant has not satisfied this judgment.[5] Although Plaintiff has not quantified the amount of the interest that has accrued on the judgment debt, a detail generally included in a garnishment request, the Court considers the showing in support of her motion to comply substantially with Idaho law.

## CONCLUSION

Plaintiff's motion, as construed by the Court, should be granted. The Court will enter a separate Order directing AmeriTitle is issue a check payable to Plaintiff only for her one-half share of the funds held by AmeriTitle, and directing it to hold the remaining funds for thirty days. During this thirty-day period, Plaintiff may pursue a garnishment of Defendant's share of the funds. Any proposed garnishment of Defendant's share of the house sale proceeds must substantially comply with Idaho law, despite Plaintiff's choice to pursue collection

---

[5] For an example of the forms used in the Idaho courts, the Court has consulted, and the parties may refer to "Application and Affidavit for Writ of Execution," *at* http://www.adaweb.net/adaweb.nsf/11aa9b915991b8c1872567380081a8d9/49f50808f9740c3087256c0f005fd3e5/$FILE/Affidavit%20for%20Writ%20of%20Execution.pdf (Civil Form provided by Ada County's Court Assistance Office listing these requirements).

MEMORANDUM OF DECISION - 9

through the federal courts.[6] If Plaintiff fails to effectively garnish the funds within the thirty-day period, AmeriTitle may disburse these funds directly to Defendant.

Dated: June 8, 2005

*(signature)*

Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[6] Again, the Court is in no position to advise Plaintiff regarding the proper procedure to accomplish a federal court garnishment. The parties may find useful background information at http://www.usmarshals.gov/process/civil.htm (website for the United States Marshal's Service). Each party should consult with an attorney.

MEMORANDUM OF DECISION - 10