# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re** | |
| KENNETH L. CALDWELL, | Case No. 02-41931-JDP |
| **Debtor.** | Chapter 7 |

_____

| | |
|---|---|
| LINDSEY M. CLARK, | |
| **Plaintiff,** | Adversary Proceeding |
| | No. 04-6124 |
| vs. | |
| KENNETH L. CALDWELL, | |
| **Defendant.** | |

_____

# MEMORANDUM OF DECISION
# RE PLAINTIFF'S MOTION FOR RECONSIDERATION

_____

In this adversary proceeding, in June, 2005, the Court entered a decision and judgment determining that Defendant Kenneth L. Caldwell, a chapter 7 debtor, owed Plaintiff Lindsey M. Clark a total of $17,069.35, and that said debt

MEMORANDUM OF DECISION - 1

was excepted from discharge in Defendant's bankruptcy case under 11 U.S.C. § 523(a)(5) as in the nature of support.  See Judgment, Docket No. 35.

No appeal of the Judgment was taken by either party, and it is final. While the parties did engage in certain post-judgment proceedings in connection with Plaintiff's attempts to collect the debt, there has been no activity in this adversary proceeding since, effectively, August of 2005. [1]

On September 12, 2007, Plaintiff filed a "Motion for Reconsideration in Support of Memorandum of Decision Judgment".  Docket No. 53.  Plaintiff also forwarded a variety of exhibits for filing with the Clerk apparently in support of her motion.  See Docket No. 54.

In Plaintiff's motion, and from a review of the supporting submissions, as near as the Court can tell,[2] Plaintiff and Defendant are involved in renewed litigation in Idaho Seventh District Court concerning Defendant's claim that Plaintiff owes him certain sums for support.  Plaintiff, on the other hand, is

---

[1] Moreover, Defendant's bankruptcy case was closed in March, 2005.

[2] Plaintiff appears pro se, and her pleadings are, in large part, unintelligible.  The Court has done its best to determine her version of the relevant facts and claim for relief.  This has admittedly required some interpretation and speculation by the Court.

MEMORANDUM OF DECISION - 2

concerned that, because Defendant will apparently turn 65 years old shortly, her alleged interest in his retirement plan funds are in jeopardy. She asks that the Court conduct a hearing on her motion, for injunctive relief, and ultimately, that this Court somehow resolve some or all of the issues in the pending dispute in Bonneville County state court.

There is no indication that Plaintiff has served or otherwise given notice to Defendant or his state court attorneys of the filing of her motion in this Court. Presumably, they are unaware the motion is pending, and the Court would therefore be without jurisdiction to order any significant or permanent relief to Plaintiff.

Even so, the Court is comfortable in ruling on the motion at this time. This is because, after reviewing Plaintiff's submissions, the Court is not inclined to grant Plaintiff any relief under the circumstances, nor, in the Court's opinion, would conducting a hearing after full notice to the parties, enhance the decisional process.

The Court concludes Plaintiff's motion should be denied. While styled as a "motion to reconsider", which would normally be treated under Fed. R. Civ. P. 60(b), fairly read, the motion is but a thinly-disguised attempt to interject

MEMORANDUM OF DECISION - 3

this Court into a dispute when, at this stage of the proceedings, there is no justifiable basis for the Court to assume jurisdiction.

More than two years ago, the Court determined that Defendant owes Plaintiff a debt, and that the debt was not discharged in his now-closed bankruptcy case. The Court rendered that decision in connection with what was then an active bankruptcy case. The Court presumes its judgment regarding the existence and amount of the debt will be respected by the state courts. Beyond that, this Court of limited jurisdiction has no basis to comment, what more rule, on any of what appear to be the current issues between the parties. This Court can not properly decide whether the parties owe one another on-going obligations for financial support, or the extent or those obligations. That is a topic reserved for jurisdiction of the state courts. So, too, this Court has no right to determine whether Plaintiff may reach Defendant's pension plan funds, or to decide her ownership rights in those funds. Defendant's pension plans were not included in his bankruptcy estate.

Simply put, Plaintiff states no valid basis for this Court to reconsider any of the issues in this adversary proceeding. Instead, Plaintiff wants the Court to get involved in adjudicating legal disputes where the outcome will have no

MEMORANDUM OF DECISION - 4

possible relation to Defendant's former bankruptcy case. Plaintiff should seek to resolve the issues and obtain relief, if she is entitled to any, in the proper forum: Idaho state court.

For this reason, and for other good cause, Plaintiff's Motion for Reconsideration, Etc., Docket No. 53, will be denied by separate order.

Dated: September 14, 2007

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge